## Rush Mitchell v. The State.

### No. 2950.  Decided February 24, 1904.

**Complaint—Jurisdiction.**

When the complaint was taken by a justice of the peace and filed in his court on the 15th of the month, and afterwards in the county court on the 19th of the same month, it was not functus officio, but could be used as a basis for the information; the justice not having final jurisdiction, the complaint was properly filed in the county court and whether the justice sat as an examining court is immaterial.

Appeal from the County Court of Jones. Tried below before Hon. John B. Thomas.

Appeal from a conviction of an aggravated assault; penalty, a fine of $50 and one month confinement in the county jail.

No statement necessary.

No brief for appellant has reached the Reporter.

*Howard Martin*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of an aggravated assault. The record is before us without bill of exceptions or statements of facts. The contention is that the county court was without jurisdiction to try the case because of the improper filing of the complaint. The motion for new trial alleges, and the file marks on the complaint sustain the allegation, that the complaint was taken by a justice of the peace and filed in his court on the 15th of the month; and in the county court on the 19th of the same month. The basis of the contention is that the complaint was "functus officio," and could not be used in the county court as a predicate for the information.

There is no merit in this proposition. If the case was one in which the justice of the peace had final jurisdiction, the complaint could not have been transferred; but it was one of which the justice of the peace had no jurisdiction except to take the complaint or sit as an examining court. Whether he did sit as an examining court is not shown by this record; but it is shown by the file marks that the complaint, after being taken by the justice was filed in the county court. This was legal and proper. There being no error in the record, the judgment is affirmed.                                   *Affirmed.*